David S. McLane (124952)
dmclane@mbllegal.com
Lindsay Battles (262862)
lbattles@mbllegal.com
**McLANE, BEDNARSKI & LITT, LLP**
975 East Green Street
Pasadena CA 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA BADAY, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF KINGS, GEORGANNE GREENE, ADVENTIST HEALTH HANFORD, JOSHUA R. SPEER, JEFF J. TORRES, JAMES GREGORY LEWIS, DEAN MORROW, ANNA SAMARDICH TYNER, AND DOES 1-10, INCLUSIVE, <br><br> Defendants. | Case No. 1:20-cv-00644-NONE-SKO <br><br> Hon. Judge Dale A. Drozd <br><br> **REVISED STIPULATED PROTECTIVE ORDER** <br><br> **(Doc. 44-1)** |

Plaintiff KARLA BADAY and Defendants, COUNTY OF KINGS, GEORGANNE GREENE, ADVENTIST HEALTH HANFORD, JOSHUA R. SPEER, JEFF J. TORRES, JAMES GREGORY LEWIS, DEAN MORROW and ANNA SAMARDICH TYNER ("the Parties") hereby enter a stipulated protective order to facilitate disclosure of confidential discovery materials in this case.

The Parties in good faith believe that certain documents relevant to the above-captioned case qualify for protection under Federal Rule of Civil Procedure 26(c), including information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and, (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

These confidential documents consist of:

1. Plaintiff's medical records, including mental health care records, evaluations, and notes;
2. Probation reports containing personal and confidential information;
3. Documents pertaining to child sexual abuse investigations, including the investigation of abuse allegations concerning Fabian Villasenor, Graciela Beltran, and Karina Beltran;
4. Medical reports pertaining to alleged sexual abuse victims.

In light of the sensitive nature of the documents potentially to be disclosed, the parties hereby request that any such disclosure be governed by a stipulated protective order.

IT IS HEREBY STIPULATED by, among and between the parties through their respective undersigned counsel of record that:

1. **Designating Protected Materials:** Any party may designate information, regardless of how it is stored or maintained, that qualify for protection under FRCP 26(c) as "confidential" subject to this agreement. Each Party that

designates information or items for protection under this agreement must take care to limit any such designation to specific material being produced in conjunction with this action.

2. A producing/designating Party may designate protected materials as confidential by affixing a mark labeling them "Confidential," provided that such marking does not obscure or obliterate the content of any record. If any confidential materials cannot be labeled with this marking, those materials shall be otherwise marked "Confidential."

3. If any document or information designated as confidential pursuant to this Stipulated Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Stipulated Protective Order. The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

4. **Challenging Confidentiality Designations:** A party may challenge a designation of confidentiality at any time that is consistent with the Court's scheduling order. The burden of persuasion in any such challenge proceeding shall be on the designating/producing party. Before seeking court intervention, the challenging party shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order.

5. **Use of Protected Material:** Protected Material shall be produced only to the Parties and to counsel of record for the Parties for the purpose of prosecuting, defending or attempting to settle this action. Receiving parties shall take reasonable steps to prevent disclosure of protected material to any third party.

6.  Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

   (a)  Parties;

   (b)  Counsel, including their respective associates, clerks, legal assistants, support personnel, investigators, adjusters, and insurance carriers, and other companies retained to provide litigation support services (e.g. photocopy services);

   (c)  Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

   (d)  Any designated or retainer expert, consultant or investigator retained in connection with this action;

   (e)  Any mediator, settlement officer, or the finder of fact at the time of trial; and

   (f)  Witnesses during their depositions in this action.

7.  Prior to the disclosure of any "Confidential" information to any person identified in paragraph 5, each such recipient of "Confidential" information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read. Upon reading this Stipulated Protective Order, such person shall acknowledge that he or she has read this Stipulated Protective Order and agrees to abide by its terms. Such person also must consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation any proceeding for contempt.  Provisions of this Stipulated Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court.  The attorneys designated in subparts (a) and (b) of Paragraph 3 above shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked "Confidential" are given. Producing parties may request the identities of said individual(s) upon the final termination of the litigation or if it is able to demonstrate a good faith basis that receiving parties, or agents

thereof, have breached the terms of the Stipulated Protective Order.

8. Subject to the terms of this Agreement, nothing herein shall restrict a recipient of Protected Material from: (a) making working copies, abstracts, digests and analysis of such information for use in connection with settlement negotiations; or (b) converting or translating Protected Material into a different format for storage or analysis, provided that access to Protected Material, in whatever form stored or reproduced, shall be limited to qualified recipients.

9. **Filing Protected Material:** Any party seeking to file any documents or materials designated as "Confidential" pursuant to this Stipulated Protective Order, must comply with Local Rule 141 of the Local Rules of Practice for the United States District Court, Eastern District of California (Local Rules).

10. **Right to Assert Other Objections/Contest Claims of Privilege:** The designation of documents or information as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the designated document or information. This agreement has no impact on the rights of the Parties to later contest claims of privilege in connection with the documents produced. By entering this agreement, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this agreement.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this agreement.

11. **Unauthorized Disclosure:** Should any information contained in the documents designated "Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform the producing party's counsel of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

12. **Inadvertent Production:** No information shall lose its "Confidential"

status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.  In addition, any information that is designated "Confidential" and produced by the parties does not lose its "Confidential" status due to any inadvertent or unintentional disclosure.

13. **Duration**: Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a producing/designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

14. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown and (b) adjudicate any dispute arising under it.

Dated: March 12, 2021            **McLANE, BEDNARSKI & LITT, LLP**


                                  By: */s/ Lindsay Battles*
                                       David S. McLane
                                       Lindsay Battles

                                  Attorneys for Plaintiff

Date:  March 12, 2021          **WEAKLEY & ARENDT**


By */s/ James J. Arendt*
    James J. Arendt

Attorneys for Defendants County of Kings, Jeff Torres, Joshua Speer, Gregory Lewis, Dean Morrow, Anna Samardich Tyner


Date:  March 12, 2021          **MCCORMICK BARSTOW LLP**


By  */s/ Daniel L. Wainwright*
    Daniel L. Wainwright

Attorneys for Defendants Adventist Health-Hanford and Georganne Greene


IT IS SO ORDERED.

Dated:   **March 12, 2021**                              /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE