UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA BADAY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KINGS, GEORGANNE GREENE, ADVENTIST HEALTH HANFORD, JOSHUA R. SPEER, JEFF J. TORRES, JAMES GREGORY LEWIS, DEAN MORROW, AND DOES 1-10, INCLUSIVE,<br><br>Defendants. | No. 1:20-cv-00644-KES-SKO<br><br>**ORDER VACATING HEARING AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**<br><br>(Doc. 79) |

This matter is before the Court on Defendants Adventist Health and Georganne Greene ("Defendants")' "Motion for Leave to File an Amended Answer," filed June 9, 2025 ("Motion to Amend"). (Doc. 79.) Plaintiff Karla Baday ("Plaintiff") filed an opposition brief on June 23, 2025 (Doc. 84), and Defendants filed their reply brief on July 3, 2025. (Doc. 85). The Court has reviewed the parties' papers and all supporting material and finds the matter suitable for decision without oral argument pursuant to U.S. District Court for the Eastern District of California's Local Rule 230(g). The hearing set for July 16, 2024, will therefore be vacated.

For the reasons set forth below, the Motion to Amend will be granted in part and denied in part.

1

## I. BACKGROUND

Plaintiff's lawsuit arises out of an allegedly wrongful conviction in California state court for three counts of the commission of lewd and lascivious acts on a child under the age of 14 years, two counts of forcible sexual penetration, and three counts of terroristic threats. (*See* Doc. 63 Third Amended Complaint ("TAC") at 9–10).

In the present case, filed on May 6, 2020, Plaintiff asserts claims against (1) the County of Kings, (2) Forensic Nurse Examiner Georgeanne Greene, (3) Examiner Greene's Employer Adventist Health Hanford, and (4) various law enforcement and prosecutorial personnel. The operative complaint, Plaintiff's Third Amended Complaint, includes (1) a claim for violations of due process under the Fourteenth Amendment under to 42 U.S.C. 1983 and Article I, Section 7 of the California Constitution, (*id.* ¶¶ 98–109 (count I)); (2) a section 1983 *Monell* claim, (*id.* ¶¶ 110–16 (count II)); (3) a section 1983 supervisory liability claim, (*id.* ¶¶ 117–21 (count III)); (4) a common law negligence claim, (*id.* ¶¶ 122–25 (count IV)); (5) a claim under section 815.2 of the California Government Code for respondeat superior and vicarious liability, (*id.* ¶¶ 126–30 (count V)); and (6) a claim under section 52.1 of California Civil Code (also known as the Bane Act) for interference with constitutional rights thorough threats intimidation, or coercion, (*id.* ¶¶ 131–33 (count IV)).

More specifically as to the moving defendants, Plaintiff brings claims I, IV, and VI against Defendant Greene, (*see id.* at 26, 34, 36), and claims II, IV, and VI against Defendant Adventist Health Hanford, (*see id.* at 29, 34, 36).

Defendants filed their answer to the operative Third Amended Complaint on December 2, 2022. (Doc. 64).

Under the operative scheduling orders, fact discovery closed on December 24, 2024, (*see* Doc. 72), and expert discovery closed during the pendency of this motion, on July 7, 2025,[1] (*see* Doc. 76). Non-dispositive motions were due concurrently with the expert discovery cut-off, dispositive motions are due on August 18, 2025, and trial is scheduled for April 7, 2026. (*See id.*)

---

[1] The cut off for expert discovery was extended to July 31, 2025 "solely to permit the deposition of Dr. Crawford-Jakubiak." (Doc. 83).

1        Defendants filed the present Motion to Amend on June 9, 2025. (Doc. 79.) Defendants seek to add to their answer the affirmative defenses of "absolute immunity, qualified immunity, litigation privilege (Civil Code § 47), and mandated reporter immunities under both federal law (42 U.S.C.A. §5106a) and state law (Penal Code § 11172)." (Doc. 79 at 3). Defendants also seek "to amend their responses to Plaintiff's Third Amended Complaint paragraphs 123, 132 and 133 in the amended answer" "to clarify that no duty of care was owed to Plaintiff (paragraph 123) and correct the inadvertent omission of responses to Plaintiff's allegations under the Bane Act (paragraphs 132-133)." (*Id.*).

Plaintiff opposes the Motion to Amend, asserting that Defendants have failed to demonstrate good cause to justify the untimely amendments, that, if permitted, will prejudice Plaintiff, (*see* Doc. 84 at 9–11)—in large part because Plaintiff contends amendment would require reopening of discovery—and that amendment would be futile, (*see id.* at 5–9).

### III.    DISCUSSION

Defendants seek leave to amend the answer pursuant to Rule to (1) "allege new Affirmative Defenses: absolute immunity, qualified immunity, litigation privilege (Civil Code § 47), and mandated reporter immunities under both federal law (42 U.S.C.A. § 5106a) and state law (Penal Code § 11172)," and (2) " amend responses to Complaint paragraphs 123, 132, and 133 in the amended answer" in order to "clarify that no duty of care was owed to Plaintiff (paragraph 123) and correct the inadvertent omission of responses to Plaintiff's allegations under the Bane Act (Paragraphs 132-133)." (Doc. 79 at 3). Defendants explain that the inadequacy of their answer as to the additional affirmative defenses "just became known to counsel," (*id.* at 5), and their need to amend responses to paragraphs 123, 132, and 133 is due to an "inadvertent omission," (*id.* at 3; *see also id.* at 10–11).

Defendants argue that neither set of amendments will prejudice Plaintiff. As to the affirmative defenses of absolute and qualified immunity, as well as the state law litigation privilege, Defendants contend those affirmative defenses "have already been raised by County defendants and/or by moving Defendants in prior pleadings," or were "discussed in depositions." (*Id.* at 3, *see also id.* at 9–10). More specifically, as to the affirmative defenses of absolute and

3

1 qualified immunity, Defendants contend that because those defenses were jointly raised by the
2 non-moving defendants (the County, law enforcement, and prosecutorial defendants), (*see* Doc.
3 64 at 15), "Plaintiff was already anticipating and preparing for [those] affirmative defenses." (*Id.*
4 at 9). And as to the affirmative defense based on the state litigation privilege, Defendants contend
5 that (1) Plaintiff has been on notice that Defendants intended to rely on that privilege since at least
6 February 2023 when Defendants addressed it in a status report, (*id.* at 10 (citing Doc. 66 at 11–
7 12)), and (2) that Plaintiff has also been aware that Defendants rely on the federal witness
8 immunity as raised in their answer (*id.* (citing Doc. 65 at 26)).

9 Finally, as to Defendant's request for leave to amend their responses to paragraphs 123,
10 132, and 133, Defendant's contend there is no prejudice to Plaintiff as the proposed amendments
11 would not "alter[] Plaintiff's obligations to establish her claims at trial" and therefore would cause
12 "no undue prejudice to Plaintiff." (*Id.* at 11).

13 Plaintiff opposes Defendant's motion on the bases that (1) the additional affirmative
14 defenses are futile and (2) leave to amend to allege additional affirmative defenses as to these two
15 defendants would be prejudicial as it would require the reopening of discovery that was initiated
16 over four and a half years ago, and which is now all but closed. (*See* Doc. 84 at 9–10). Plaintiff
17 does not oppose or allege prejudice as to Defendants' proposed amendments to paragraphs 123,
18 132, and 133. (*See generally id.*)

19 **A.    Legal Standards**

20 Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely
21 given when justice so requires." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051
22 (9th Cir. 2003) (the policy favoring amendment is to be applied with "extreme liberality"); *Union*
23 *Pac. RR. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ("[a]mendments seeking
24 to add claims are to be granted more freely than amendments adding parties"). Granting or denial
25 of leave to amend rests in the sound discretion of the trial court. *Pisciotta v. Teledyne Indus., Inc.*,
26 91 F.3d 1326, 1331 (9th Cir. 1996); *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th
27 Cir. 1996). Despite the policy favoring amendment under Rule 15, leave to amend may be denied
28 if the proposed amendment is futile or would be subject to dismissal. *Saul v. United States*, 928

4

F.2d 829, 843 (9th Cir. 1991). "The party opposing amendment bears the burden of showing why amendment should not be granted." *Lanier v. Fresno Unified Sch. Dist.*, No. 1:09-CV-01779-AWI, 2013 WL 1896183 at *2 (E.D. Cal. May 6, 2013) (citing *Board of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, No. C 05-04158-MHP, 2008 WL 624771, at *6 (N.D. Cal. Mar. 4, 2008)).

> The United States Supreme Court has stated:
>
> [i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has summarized these factors to include: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; (4) futility of amendment; and (5) whether the party has previously amended his pleading. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *see also Loehr v. Ventura Cty Cmty Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

"These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Of these factors, "[p]rejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The other factors used to determine the propriety of a motion for leave to amend could each, independently, support a denial of leave to amend a pleading." *Beecham v. City of W. Sacramento*, No. 2:07–cv–01115–JAM–EFB, 2008 WL 3928231, at *1 (E.D. Cal. Aug. 25, 2008) (citing *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)). "The party opposing the motion for leave to amend bears the burden of demonstrating that a substantial reason exists to deny leave to amend." *Id.* (internal quotations omitted).

1.   <u>Prejudice</u>

"Prejudice is the 'touchstone of the inquiry under [R]ule 15(a).'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong

5

showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* "'Undue prejudice' means substantial prejudice or substantial negative effect." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (quoting *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987)). "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend." *Calderon v. Tulare Reg'l Med. Ctr.*, No. 1:17-CV-0040-BAM, 2018 WL 4473626, at *5 (E.D. Cal. Sept. 17, 2018) (quoting *Lockheed Martin Corp.*, 194 F.3d at 986).

2. <u>Futility</u>

"Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)). Proposed amendments are futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense," *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or when they "are either duplicative of existing claims or patently frivolous," *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014).

"[D]enial on [grounds of futility] is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Clarke*, 703 F. Supp. 2d at 1043 (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

**B.    Plaintiff has carried her burden of showing that Defendants' proposed amendment to allege absolute prosecutorial immunity would be futile as to Defendant Adventist Health and prejudicial as to Defendant Greene.**

As an initial matter, the Court notes that absolute prosecutorial immunity is not available to Defendant Adventist Health Hanford, as that defense is available only to individuals and not entities.[2] *See Owens v. Osbourne*, No. 07-CV-13585-DT, 2008 WL 4425496, at *4 (E.D. Mich.

---

[2] In support of their argument that Defendant Adventist Health Hanford is entitled to assert absolute prosecutorial immunity, Defendants quote *Buckwalter v. Nevada Board of Medical Examiners*, as stating that "absolute immunity applies to 'prosecutors and *government agencies* that are performing functions analogous to that of a prosecutor.'" (*See* Doc. 79 (emphasis added) (citing *Buckwalter*, 678 F.3d at 740)). Defendants misquote this case. *Buckwalter*

6

1  Sept. 25, 2008) ("The defense of absolute prosecutorial immunity is a personal defense, and may
2  not be asserted by a governmental entity."). Therefore, the Court will deny Defendants' request
3  for leave to amend their answer to add the defense of absolute prosecutorial immunity as to
4  Defendant Adventist Health Hanford.

5  Turning to the affirmative defense of absolute prosecutorial immunity as to Defendant
6  Greene, the Court agrees with Plaintiff that allowing this defense would require reopening of
7  discovery and would, therefore, be prejudicial. Absolute prosecutorial immunity is available in
8  only very limited circumstances and requires a case-by-case functional analysis. *Buckley v.*
9  *Fitzsimmons*, 509 U.S. 259, 269, 273 (1993); *Schneyder v. Smith*, 653 F.3d 313, 332 (3d Cir. 2011)
10 ("Analysis of prosecutorial immunity questions thus has two basic steps, though they tend to
11 overlap. The court must ascertain just what conduct forms the basis for the plaintiff's cause of
12 action, and it must then determine what function (prosecutorial, administrative, investigative, or
13 something else entirely) that act served."). And any dispute as to Defendant Greene's role would
14 necessarily be fact-intensive to adequately conduct the functional analysis, especially in Defendant
15 Greene's case as she is a non-traditional section 1983 defendant. And while the Court appreciates
16 that this defense was raised by non-moving defendants and, therefore, Plaintiff has been in a
17 position to prepare for those defenses *as to those defendants*, such preparation is inadequate to
18 address these affirmative defenses as to Defendant Greene.

19 In sum, the Court finds that it would be prejudicial to Plaintiff to allow Defendant to allege
20 this defense without reopening discovery, and that it would likewise prejudice Plaintiff to reopen
21 discovery at this stage after more than four years of discovery and more than five years after the
22 initiation of the case. *See Sinclair v. Fox Hollow of Turlock Owners Ass'n*, No. 1:03-CV-05439-
23 AWI-SA, 2014 WL 4275470, at *16 (E.D. Cal. Aug. 29, 2014), *report and recommendation*
24 *adopted sub nom. Fox Hollow of Turlock Owners' Ass'n v. Sinclair*, No. 103-CV-05439-AWI-

---

states, "Absolute immunity is also accorded *to officials of government agencies* "performing certain functions analogous to those of a prosecutor." *Buckwalter*, 678 F.3d at 740 (emphasis added) (quoting *Butz v. Economou*, 438 U.S. 478, 515 (1978)). Neither *Buckwalter* nor *Butz* stand for the proposition that absolute prosecutorial immunity is available to "government agencies" let alone any other type of entity. The Court takes this opportunity to remind the parties that as officers of the Court, attorneys owe a duty of candor to the Court, and must cite and describe precedent and other authority accurately.

7

1  SAB, 2014 WL 4825175 (E.D. Cal. Sept. 26, 2014). Because leave to raise this affirmative defense
2  would prejudicially necessitate the reopening of discovery, the Court will deny the Defendant's
3  request as to absolute prosecutorial immunity. *See Sanders v. Ruiz*, No. 1:06-CV-01264
4  OWWGSA, 2008 WL 4813097, at *5 (E.D. Cal. Nov. 3, 2008) ("Where a motion to amend is
5  brought shortly before the close of discovery and allowing the motion would require the re-opening
6  of discovery, the motion may properly be denied for prejudice to [the non-moving party] and for
7  delaying proceedings."); *Solomon v. North American Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139
8  (9th Cir. 1998) (court did not abuse its discretion in denying motion to amend on grounds of undue
9  delay and prejudice where motion made on the "eve of the discovery deadline" would have
10 required re-opening discovery, thus delaying proceedings)); *Align Tech., Inc. v. Orthoclear, Inc.*,
11 No. C 05 2948 MMC, 2006 WL 1127868, at *3 (N.D. Cal. Apr. 26, 2006) ("The Ninth Circuit has
12 repeatedly affirmed orders denying motions for leave to amend, where granting the motion would
13 have necessitated reopening discovery and delaying the proceedings, reasoning that under such
14 circumstances the [non-moving party] would have been prejudiced").

**B.    Plaintiff has carried her burden of showing that Defendants' proposed amendment to allege qualified immunity would be futile as to Defendant Adventist Health Hanford, but she has not carried her burden of showing futility or prejudice as to Defendant Greene.**

18     As an initial matter, the Court notes that qualified immunity is not available to Defendant
19 Adventist Health Hanford, as that defense is available only to individuals and not entities. *See*
20 *Yates v. E. Side Union High Sch. Dist.*, No. 18-CV-02966-JD, 2021 WL 3665861, at *5 (N.D. Cal.
21 Aug. 18, 2021) ("Qualified immunity is available only to individuals and not to entities.");
22 *Scooter's Pals Rescue v. Cnty. of Placer*, No. 2:12-CV-01736-TLN, 2013 WL 5947753, at *3 n.4
23 (E.D. Cal. Nov. 4, 2013)). Therefore, the Court will deny Defendants' request for leave to amend
24 their answer to add the defense of qualified immunity as to Defendant Adventist Health Hanford.
25     Turning to Defendant Greene, the Court finds that Plaintiff has not met the high bar of
26 establishing that amendment adding the affirmative defense of qualified immunity would be futile.
27 While "[t]he test for futility is identical to the one used when considering the sufficiency of a
28 pleading," *Hamilton v. Cty. of Madera*, No. 1:20–cv–00484–NONE–EPG, 2021 WL 1577819, at

*3 (E.D. Cal. Apr. 22, 2021), the Court need not determine at this time whether Defendant Greene would ultimately prevail on a subsequent motion challenging the merits of this defense in order to resolve Defendant Greene's request to amend. *Cf., e.g.*, Allen v. Bayshore Mall, No. 12–cv–02368–JST, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) ("The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment."). As noted above, "the [C]ourt's assessment regarding futility of amendment under Rule 15 is limited to whether it would be possible for the claim or defense to be proven under any set of facts." *Dickey v. Vital One Health Plans Direct*, LLC, No. 1:18–cv–01399–DAD–BAM, 2019 WL 2545500, at *3 (E.D. Cal. Jun. 20, 2019). Because there is a plausible dispute regarding the precise contours of Plaintiff's section 1983 claim as asserted against Defendant Greene, at this stage, the Court cannot find that there are no set of facts that would entitle Defendant Greene to qualified immunity. Therefore, the Court finds that Plaintiff has failed to demonstrate that amendment would be futile. This finding is without prejudice to future challenges to the merits of this defense.

The Court likewise finds that Plaintiff has not established that the addition of this affirmative defense as to Defendant Greene would be prejudicial. Entitlement to qualified immunity does not rest on the same kind of factual context as absolute prosecutorial immunity. And Plaintiff does not allege any other specific additional discovery that would be necessary to be adequately prepared for this defense. Without such a showing, the Court cannot say Plaintiff made a sufficient showing of prejudice to overcome Rule 15's presumption in favor of amendment. *See Eminence Capital, LLC*, 316 F.3d at 1052.

Because the Court finds that Plaintiff has failed to demonstrate that amendment would be futile and has failed to demonstrate prejudice as to Defendant Greene's request for leave to amend to add the affirmative defense of qualified immunity, the Court will grant Defendants' motion to amend to add qualified immunity as an affirmative defense *as to Defendant Greene only*.

**D. Plaintiff has carried her burden of showing that Defendants' proposed amendments to allege an affirmative defense based on California Civil Code § 47(b), would be futile as to her federal claims, but not as to her state claims.**

The Court now moves to Defendants' request for leave to amend their answer to allege an

9

1  affirmative defense based on, California Civil Code § 47(b), California's litigation immunity
2  provision. The Court finds that as to her federal claims, Plaintiff has established that amendment
3  would be futile under the Supreme Court's rule in *Felder v. Casey*, 487 U.S. 131 (1988). (*See*
4  Doc. 84 at 13).

5  Under *Felder*, "a state law that immunizes government conduct otherwise subject to suit
6  under Section 1983 is preempted, even where the federal civil rights litigation takes place in state
7  court, because the application of the state immunity law would thwart the congressional remedy."
8  *Id.* at 139. Therefore, the Court finds that an assertion of immunity under section 47(b) would be
9  futile as to any of Plaintiff's section 1983 claims. *See Kimes v. Stone*, 84 F.3d 1121, 1127 (9th
10 Cir. 1996).

11 However, the Court finds that Plaintiff has not established that this defense would be futile
12 as to her state law claims. While Plaintiff contends that the litigation privilege is not relevant to
13 her theory of liability as to her state law claims against Defendants, the complaint is plead too
14 broadly for the Court to find, at this stage, that there is no set of facts that could be proven that
15 would be sufficient for Defendants to plead this affirmative defense. Neither has Plaintiff made a
16 sufficient showing of prejudice as to this defense. Unlike her argument regarding the prejudice of
17 allowing amendment to add an affirmative defense of absolute prosecutorial immunity, as to the
18 state litigation privilege, Plaintiff does not point the Court to any specific reason why discovery
19 would need to be reopened as to this defense. Indeed, such an argument would be seemingly
20 incompatible with Plaintiff's contention that the defense is ultimately not relevant to her theory of
21 the state law claims.

22 In light of the liberality with which the Court is to grant leave to amend and Plaintiff's
23 failure to establish futility or make a showing of prejudice, the Court will grant Defendants' motion
24 for leave to assert immunity under section 47(b) as to only Plaintiff's state law claims.

25 **E.    Plaintiff has carried her burden of showing that Defendants' proposed amendments to allege any sex abuse reporter immunity would be futile.**
26

27 Defendants seek leave to amend to allege one final set of affirmative defenses based on
28 federal and state law regarding protections for sex abuse reporting, basing such defenses on a

10

1    combination of 42 U.S.C. § 5106a(2)(B)(vii) and California Penal Code § 11172.  In arguing any
2    protections provided by these laws do not apply, Plaintiff points the Court to *James W. v. Superior*
3    *Court*, 17 Cal. App. 4th 246, 255–56, (Cal. Ct. App. 1993), *as modified* (Aug. 16, 1993), for the
4    proposition that Defendant Greene's conduct is outside the scope of such protections.  (Doc. 84 at
5    12–13).  The Court agrees.  Even assuming, as the Defendants contend, that this state law immunity
6    is uniquely not preempted by federal law because it is related to a federal funding scheme, (Doc.
7    85 at 7–8), *James W.* clearly stands for the proposition that post-reporter actions, meaning the acts
8    involved in "identifying the perpetrator" after an initial report is made, are not "reporting or within
9    the scope of the Act's immunity."  17 Cal. App. 4th at 255–56.  Because Defendant Greene was
10   not the initial reporter, (TAC ¶ 24), she fell outside the scope of any such immunity.  Therefore,
11   because an assertion of an affirmative defense based on immunity for sex abuse reporters would
12   be futile, the Court will deny Defendants' request for leave to amend as to this affirmative defense.

**F.    Plaintiff has not carried her burden of showing why amendment should not be granted as to Defendants' proposed amendments to paragraphs 123, 132, 133 of their answer.**

15   When considering whether leave to amend should be granted under Rule 15(a), it is the
16   opposing party's burden to demonstrate why amendment should not be granted.  In light of
17   Plaintiff's non-opposition to Defendants' proposed amendments as to paragraphs 123, 132, and
18   133 of Defendants' answer, Plaintiff has not carried that burden.  Therefore, the Court will grant
19   Defendants' request for leave to amend paragraphs 123, 132, and 133 of their answer.

### IV.    CONCLUSION

21   Based upon the foregoing, it is HEREBY ORDERED that:

22   1.    The hearing on Defendants' motion set for July 16, 2025 is VACATED; and

23   2.    Defendants' motion for leave to amend its answer to the complaint is GRANTED
24         IN PART and DENIED IN PART as follows:

25         a.    Defendants' request for leave to amend their answer to plead an
26               affirmative defense of absolute prosecutorial immunity is DENIED;

27         b.    Defendants' request for leave to amend their answer to plead an
28               affirmative defense of qualified immunity is DENIED as to

11

|   |   |   |
|---|---|---|
| 1 |   | Defendant Adventist Health Hanford, but GRANTED as to |
| 2 |   | Defendant Greene; |
| 3 | c. | Defendants' request for leave to amend their answer to plead an |
| 4 |   | affirmative defense pursuant to California Civil Code § 47 is |
| 5 |   | DENIED as to Plaintiff's federal claims, but GRANTED as to |
| 6 |   | Plaintiff's state law claims; |
| 7 | d. | Defendants' request for leave to amend their answer to plead an |
| 8 |   | affirmative defense of mandated reporter immunities under 42 |
| 9 |   | U.S.C. §5106a and California Penal Code § 11172 is DENIED; and |
| 10 | e. | Defendants' request for leave to amend their responses to Plaintiff's |
| 11 |   | Third Amended Complaint paragraphs 123, 132 and 133 is |
| 12 |   | GRANTED. |

IT IS SO ORDERED.

Dated:   **July 10, 2025**              /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE

12